# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.:

**MELANIE LITTLEFIELD**

    Plaintiff,

v.

**ACCOUNT BROKERS OF LARIMER COUNTY, INC., a Colorado Corporation**

    Defendant

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered corporation with the Colorado Secretary of State, having a registered agent at 7674 Reed Street, Arvada, Colorado 80003.

### PARTIES

8. Plaintiff Melanie Littlefield is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant ACCOUNT BROKERS OF LARIMER COUNTY, INC. (hereinafter "Defendant") is a Colorado corporation operating from an address of 1417 S. College Avenue, Fort Collins, Colorado 80524 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Sometime prior to June, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). The alleged debt that the Defendant is attempting to collect upon stems from medical treatment received by the Plaintiff.

11. Debt, incurred as a result of medical treatment is a debt that is considered "personal, family or household" as defined by the FDCPA, see *Pipiles v. Credit Bureau*, 886 F.2d. 22 ($2^d$ cir. 1989), *Campion v. Credit Bureau Servs, Inc.*, 2000 U.S. Dist. LEXIS 20233 (E.D. Wash. Sept. 119, 2000), *Finnegan v. University of Rochester Medical Center*, 21 F. Supp, 2d 233 (W.D.N.Y. 1998), *Creighton v. Emporia Credit Services*, 981 F.Supp. 411 (E.D. Va. 1997).

12. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

13. Beginning in June, 2010 the Defendant sent a letter to the Plaintiff advising her that she owed a debt to the Defendant.

14. The Plaintiff has never received any benefit from the Defendant, does not have a business relationship with the Defendant and notified the Defendant that she did not owe them anything.

15. Shortly after receiving the "dunning" letter, the Defendant, through agent/employees began contacting the Plaintiff on her home and cellular telephone demanding payment.

16. The Plaintiff advised the initial employee/agent of the Defendant, who identified herself as "Vanessa" that she (Plaintiff) disputed the debt, did not believe she owed the debt and that even if she did, was not in a financial posture to pay the debt.

17. The Plaintiff advised Vanessa to discontinue having contact with her.

18. Notwithstanding the actual knowledge that the Plaintiff disputed the debt, did not intend to pay the debt and made a request to cease further contact, the Defendant continued with their harassing telephone calls.

19. The FDCPA, 15 U.S.C. §1692d(5) prohibits a debt collector from engaging in repeated telephone calls with no legitimate purpose. After being told to stop having contact with the Plaintiff, the only purpose imaginable for the Defendant to continue causing the Plaintiff's telephone to ring would be an effort to harass, annoy or otherwise cause distress to the Plaintiff.

20. During one telephone call (the exact date and time of which will become apparent during discovery of records) "Vanessa" advised the Plaintiff that if she refused to pay the Defendant that the "matter will be turned over to the big credit bureaus." This implied threat was understood by the Plaintiff to mean that excessive charges would be incurred.

21. The Plaintiff also understood the implied threat to mean that her credit rating would be damaged, beyond that which the Defendant has already done.

22. On February 15, 2011 the Defendant, through a male employee/agent, contacted the Plaintiff at her place of employment. The Plaintiff told the Defendant that she could not take such telephone calls at her work and advised him not to call her at her work. The yet to be

      determined employee/agent of the Defendant told the Plaintiff that he would continue to contact her at her work, in violation of 15 U.S.C. §1692c(a)(3), unless she made a down payment on the alleged debt or paid the amount in full.

23. The Defendant, after being told that the Plaintiff could not be contacted at her work, has continued to contact and attempt to contact her at her place of employment.

24. On February 21, 2011, an employee/agent of the Defendant, a male employee who refused to identify himself, told the Plaintiff that unless, and only unless, she was willing to work with him and "put some money down" on the alleged debt, he would not be willing to work with the Plaintiff in a non-confrontational manner. The details of this telephone call are maintained by the Defendant and will be ascertained during discovery.

25. The FDCPA, 15 U.S.C. §§ 1692d(6), 1692e(11) requires that a debt collector identify him/herself and also advise that the communication is from a debt collector. The yet to be known employee/agent of the Defendant failed to provide such a warning to the Plaintiff during the telephone call on February 21, 2011.

26. Since June, 2010, the Plaintiff has received a sizable number of telephone calls from telephone number (970) 484-2250 wherein the caller causes the Plaintiff's telephone to ring and then when answered, the telephone is disconnected or no one answers on the call sender's end.

27. The telephone number (970) 484-2250 is a number that is registered to the Defendant.

28. The FDCPA 15 U.S.C. §1692 d(5) prohibits a debt collector from activity that causes a consumer's telephone to ring repeatedly with no legitimate purpose.

29. The debt that the Defendant is attempting to collect is invalid and the Plaintiff has told this to the Defendant repeatedly.

30. The Defendant is aware of the Plaintiff's belief that the debt is invalid and has stated that they will continue to contact the Plaintiff unless, and only unless, she sends the Defendant a written notice to end contact.

31. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(3), 1692 d(5), 1692d(6), 1692e(11), 1692 f(1), 1692g, amongst others.

### *Respondeat Superior Liability*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

34. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

35. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

36. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

### CAUSES OF ACTION

## COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

39. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**